UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERT DEWEY, | No. C 10-132 SI (pr) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| SUZUKI, parole office supervisor; et al., | |
| Defendants. | |

Bert Dewey filed a pro se prisoner's civil rights action under 42 U.S.C. § 1983 in which he claimed that his Fourth Amendment rights were violated when parole officers searched his home without knocking and announcing themselves before entering. Pursuant to 28 U.S.C. § 1915A, the court did an initial review of the complaint and found that, although the complaint stated a cognizable claim for a Fourth Amendment violation, there was a defendant problem. Specifically, the complaint did not link the one named defendant to the legal claim. The court dismissed the complaint with leave to amend, and gave plaintiff more than two months to provide true names for the Doe defendants and to link the named defendant to the claim. See Order Of Dismissal With Leave To Amend, pp. 2-4.

Plaintiff filed an amended complaint, but his amended complaint did not cure the defendant problem. First, he provided no names for the Doe defendants. As the court explained earlier, Doe defendants cannot be served with process until their true names and identities are provided. Second, he named Suzuki as a defendant again, but added no allegations to show liability for that defendant. As the court explained in the order of dismissal, there is no respondeat superior liability in a § 1983 action. Suzuki has no liability just because he/she was in charge of the parole office, and that is all that is alleged in the amended complaint. Third,

Dewey added as a defendant Matthew Cate, the Director of the California Department of Corrections & Rehabilitation. This, too, is an impermissible effort to impose respondeat superior liability, as there are no allegations that Cate played any role in the search of Dewey's house; rather, he is alleged to be "legally responsible for the overall operations" of the CDCR and the parole board. Defendants Cate and Suzuki are dismissed. With the dismissal of the two named defendants, there are only Doe defendants. There are no defendants upon whom service of process can be effectuated. Dewey was earlier cautioned that "[i]f he does not provide names for the Doe defendants, and does not state a claim against defendant Suzuki in the amended complaint, the whole action will be dismissed." Order Of Dismissal With Leave To Amend, p. 3. That time has arrived. Dewey has offered nothing to suggest he is near to learning the identities of the Doe defendants. He has submitted proposed interrogatories for defendants to learn the names of the Doe defendants, but there are no defendants upon whom he could serve those interrogatories so those won't solve his problem.

For the foregoing reasons, this action is DISMISSED. This dismissal is without prejudice to Dewey filing a new civil rights action if he ever learns the name(s) of the defendant(s) who allegedly violated his Fourth Amendment rights during the search of his home.

Dewey's second motion for appointment of counsel (docket # 7) is DENIED for the same reasons stated when the court denied his first motion. See Order Of Dismissal With Leave To Amend, p. 3. Further, the list of attorneys willing to represent prisoner-plaintiffs pro bono is very, very short. The court will not appoint one of those few attorneys for a relatively straightforward case in which the plaintiff has not even been able to locate the defendants.

The clerk shall close the file.

IT IS SO ORDERED.

Dated: November 1, 2010

_____
SUSAN ILLSTON
United States District Judge

2