UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON McCOY, | No. C 09-4768 SI (pr) |
| Plaintiff, | **ORDER** |
| v. | |
| MIKE EVANS, warden; et al., | |
| Defendants. | |

Defendants filed a motion to dismiss this action on the grounds that (a) plaintiff did not exhaust his administrative remedies before filing this action and (b) the complaint fails to state a claim upon which relief may be granted. Thereafter, plaintiff filed a motion for appointment of counsel, which the court denied. He then filed a motion to stay defendants' motion to dismiss so that he could conduct discovery or have more time to prepare his opposition. Plaintiff's motion to stay is DENIED in part and GRANTED in part. (Docket # 24.) The court denies the motion insofar as it seeks to delay consideration of defendants' motion so that plaintiff may conduct discovery, but grants a limited extension of deadline (set at the end of this order) for plaintiff to file his opposition to the motion to dismiss.

It is unnecessary for plaintiff to conduct the discovery described in his motion to stay in order for him to oppose defendants' motion. Defendants' motion to dismiss makes a non-exhaustion argument. Plaintiff does not need to conduct discovery to oppose that motion. He wants to obtain "copies of every single grievance [he] filed while at SVSP, and any other

1  communication in written form between [him] and the appeals coordinator," to show that there
2  were not "available remedies" because some prison employee "often erected unreasonable
3  hurdles." Motion To Stay, p. 5.  He has not shown it is necessary to engage in that wide-ranging
4  discovery to oppose defendants' non-exhaustion argument as to the particular claims in his
5  complaint.  Plaintiff can put the information about his exhaustion efforts with regard to the
6  claims in the complaint in a declaration that he signs under penalty of perjury to oppose the
7  motion to dismiss.   In his declaration plaintiff needs to be very specific (in terms of dates,
8  content of inmate appeals, and responses form prison officials) as to what he did to attempt
9  exhaust his administrative remedies.

10  Plaintiff also does not need to do discovery to oppose the portion of defendants' motion
11  to dismiss that challenges the sufficiency of plaintiff's complaint.  It is not necessary for plaintiff
12  to do any discovery before responding to that part of the motion to dismiss because the motion
13  to dismiss tests the sufficiency of his pleading and not his proof.  Evidence is not taken from
14  either side when the court is adjudicating a challenge to the sufficiency of the pleading under
15  Rule 12(b)(6).

16  Plaintiff also requested a copy of the local rules in his motion to stay the motion to
17  dismiss.  Copies the Northern District local rules have been sent to the libraries of most
18  California prisons, including the one in Corcoran.  Plaintiff should contact his prison's law
19  library to review the local rules.

20  Plaintiff's motion "to screen inmate certified trust account" is DENIED.  (Docket # 32.)
21  The court already granted plaintiff's <u>in forma pauper</u> application and does not need any more
22  information about his finances or trust account. Plaintiff states in his motion that he has sent the
23  trust account statement because "it is intended to be relied on at a later date and needs to be
24  secured now."  <u>Id.</u> at 1.  The court file is not a depository for documents that a litigant thinks he
25  might need at some future date.  Plaintiff should not file documents unless they pertain to a
26  matter on which the court needs to act at the present time.

27
28

Plaintiff must file and serve his opposition to the motion to dismiss no later than **June 3, 2011**. No further extensions of this deadline should be expected. Defendants must file and serve their reply brief (if any) no later than **June 20, 2011**.

IT IS SO ORDERED.

Dated: May 2, 2011

_____
SUSAN ILLSTON
United States District Judge